## ROYALL *v.* VIRGINIA.

ERROR TO THE SUPREME COURT OF APPEALS OF THE STATE OF
VIRGINIA.

Argued March 18, 1887. — Decided March 28, 1887.

An information being filed against Royall for practising as a lawyer with-
out having first obtained a revenue license, he pleaded payment of the
license fee partly in a coupon cut from a bond issued by the State of
Virginia under the provisions of the act of March 30, 1871, and partly in
cash. The Commonwealth demurred to this plea. *Held:* that the de-
murrer admitted that the coupon was genuine and bore on its face the
contract of the state to receive it in payment of taxes, &c., and that this
showed a good tender and brought the case within the ruling in *Royall*
v. *Virginia*, 116 U. S. 572.

ON the 9th of February, 1887, an information was filed in
the Husting's Court of Richmond, Virginia, against Royall
that he "unlawfully did practise his profession as a lawyer in
the courts of this Commonwealth, by prosecuting and de-
fending actions and other proceedings without having first
obtained the revenue license required by law so to do." To
this Royall pleaded as follows:

" And for a plea in this behalf the said William L. Royall comes and says that more than fifteen years back he was duly examined by judges of the State of Virginia, and found by them qualified to practise law as an attorney-at-law according to the mode and form of the statute law of Virginia; that having complied with all the other requirements of the statute law of said state, he was duly licensed to practise law in all the courts in said state according to the statute law of said state, and during all the time since then he has been actively engaged in practising his said profession as an attorney-at-law; that he has duly and regularly paid to the State of Virginia all license taxes assessed upon his said business as an attorney-at-law each year since he commenced practising his said profession; that on the first day of May, 1886, he tendered to Samuel C. Greenhow, who is treasurer of the city of Richmond, Virginia, one coupon for $15 and ten dollars in United States Treasury notes in payment of his license tax as an attorney-at-law for the ensuing year (all his license tax up to that date having been paid in full), and also seventy-five cents in silver coin for the fee of the commission of the revenue; that said coupon was cut from a bond issued by the State of Virginia under the provisions of an act of the General Assembly of the State of Virginia approved March 30, 1871, entitled "An act to provide for the funding and payment of the public debt; that it was overdue and past maturity and bore upon its face the contract of the State of Virginia that it should be received in payment of all taxes, debts, and demands due to the said state; that when he made said tender he demanded of said Greenhow a certificate in writing stating that he had deposited with him said coupon and money, but the said Greenhow refused to receive said coupon and money except for verification and identification, as provided for by an act of the General Assembly of the State of Virginia approved March 4, 1886, which is chapter 415 of the acts of 1885–1886, and he refused to give to defendant the certificate demanded or any other certificate until said coupon had been identified and verified, according to the provisions of chapter 415 of the acts of 1885–1886, hereinbefore referred

to, he declaring that he would give defendant said certificate after it should have been so verified, or, if defendant would pay in lawful money, he would receive said coupon for verification, and upon its verification he would return said money and receive said coupon as payment of said tax; that said Greenhow refused to receive said coupon and money as payment of said license tax and refused to give defendant the certificate demanded, because said last mentioned act forbade him so to do; that said act is repugnant to section ten of article one of the Constitution of the United States; that thereupon the defendant made the affidavit hereto annexed [omitted by the reporter], and presented it to R. B. Munford, who is the commissioner of the revenue for the city of Richmond, and demanded of him a revenue license as an attorney-at-law, and at the same time he presented to the said Munford the paper hereto attached [omitted by the reporter], and at the same time he offered to pay the said Munford any and all charges that he was entitled to receive before issuing said license, but the said Munford refused to issue to defendant a license as an attorney-at-law; that thereafter defendant practised his profession of attorney-at-law without a revenue license, but after having made the efforts hereinbefore described to obtain one, but not before; and this he is ready to verify. Wherefore he prays judgment, &c."

The Commonwealth demurred to this plea, and the defendant joined in the demurrer.

*Mr. D. H. Chamberlain* and *Mr. Bradley T. Johnston* for plaintiff in error, and *Mr. William L. Royall* for himself.

*Mr. R. A. Ayers*, Attorney General of Virginia, for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This case cannot be distinguished in principle from that of *Royall* v. *Virginia*, 116 U. S. 572. The demurrer to the plea is an admission of record that the coupon tendered in payment

of the license tax was genuine, " and bore on its face the con-tract of the State of Virginia that it should be received in payment of all taxes, debts, and demands due said State." This shows a good tender, which brings this case within the ruling by this court in the other.

> *The judgment of the Supreme Court of Appeals of the State of Virginia is reversed on the authority of Royall* v. *Virginia, supra, and the cause remanded for further proceedings, not inconsistent with this opinion and the judgment in that case.*